MERCHANTS' NAT. BANK OF ST. LOUIS v. SHAW. See Case No. 843.

## Case No. 9,453.

### MERCHANTS' NAT. BANK OF TOLEDO v. CUMMING.

[5 Reporter, 680; 17 Alb. Law J. 297; 345; 24 Int. Rev. Rec. 150; 3 Cin. Law Bul. 211.] [1]

Circuit Court, N. D. Ohio. April 8, 1878. [2]

TAXATION—NATIONAL BANK UNEQUALLY TAXED—RELIEF.

The capital stock of a national bank was assessed at its full value, while all other property was assessed at less than one half its full value: *Held*, that the capital stock was onerated with an undue proportion of the public taxes, and that the bank in its corporate capacity was entitled to a standing in court for relief.

Action by the Merchants' National Bank of Toledo against [William] Cumming, [treasurer of Lucas county and] collector of taxes, to restrain him from collecting a tax assessed for the year 1876 on the shares of stock of plaintiff's bank. The late Judge Emmons of the same circuit, before his death, granted a preliminary injunction.

Mr. Raney and Wager Swayne, for plaintiff.

Mr. Griswold and F. K. Hamlin, for respondent.

BAXTER, Circuit Judge. [There were several points presented and urged in the argument of this case on hearing which, in the view I have taken of it need not be discussed here suffice it to say that,] [3] from the pleadings and proofs, it very satisfactorily appears that complainant's capital stock was assessed for the year 1876 at its full value, while all other property was assessed at from thirty to forty per cent. only of its real value, and that, by reason of this unequal assessment, complainant's capital stock was in the hands of its shareholders onerated with an undue proportion of the public taxes. It is not important to inquire into the methods leading to such a result. Whether from inadvertence or design, the consequences are the same to the complainant. It is an injustice that contravenes the constitution of Ohio, as well as the provisions of the national banking law, and a wrong which the courts may, when their powers are properly invok-

---

1 [Reprinted from 5 Reporter, 680, by permission. 17 Alb. Law J. 297, contains only a partial report.]

2 [Affirmed in 101 U. S. 153.]

3 [From 17 Alb. Law J. 345.]

ed, take cognizance of to redress. But the defendant insists that the wrong complained of is a wrong to complainant's shareholders, against whom the tax was assessed, and not against the complainant. This objection seemed, on first impression, to have been well taken, but further reflection induces the belief that it involves the rights of complainant as well as the rights of its corporators. Between the two there is an intimate connection; the legal entity—the corporation—is distinct from the shareholders, but the former is a trustee for the latter, and custodian of corporate funds; and if it shall pay the taxes so assessed, and assume to deduct the same from dividends declared, or to be hereafter declared in favor of its shareholders, it may, and the averment is that it will, subject itself to a multiplicity of suits with its own shareholders; whereas, if it refuses to pay these taxes, it will impair its credit, embarrass its business, and expose itself to vexatious and expensive suits, and entail upon itself irremediable injuries in resisting the illegal exactions made upon it. Hence, in view of the probable consequences, I have reached the conclusion that the complainant, in its corporate capacity, is entitled to a standing in this court, and to relief, and I shall, therefore, authorize a decree permitting complainant to pay to the defendant, or into the registry of the court, forty per cent. of the amount of the tax assessed against its shareholders, in accordance with its tender heretofore made, and, on this being done, an injunction be issued perpetually enjoining the collection thereof. The costs will be decreed against defendant, to be paid out of the money to be realized under decree hereinbefore authorized.

[The case was taken by the defendant, on appeal, to the supreme court, where the decree of the court below was affirmed, Mr. Chief Justice Waite dissenting. 101 U. S. 153.]